UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DON EMERY,<br><br>                    Plaintiff,<br><br>v.<br><br>SALT LAKE CITY CORPORATION, et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-cv-860-RJS-PMW<br><br>District Judge Robert J. Shelby<br>Chief Magistrate Judge Paul M. Warner |

      Judge Robert J. Shelby referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Defendants Officer Timothy Stumm, Officer Kevin Stayner, and the Salt Lake City Corporation (collectively "Defendants") have filed a Rule 37 Short Form Discovery Motion seeking to compel Plaintiff Don Emery ("Mr. Emery") to disclose certain medical records.[2]  Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.[3]

## BACKGROUND

      Mr. Emery's complaint alleges that Defendants used excessive force during a routine traffic stop.[4]  The parties dispute Mr. Emery's conduct during the traffic stop.  Defendants claim that Mr. Emery was combative and failed to comply with the officer's commands.  As a result, Defendants argue that they were required to use reasonable force to handcuff Mr. Emery.

---

[1] Dkt. No. 57.
[2] Dkt. No. 43.
[3] Pursuant to DUCivR 7-1(f) and DUCivR 37-1(a)(7), the court elects to determine the present motion on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.
[4] Dkt. No. 4 at ¶ 47.

Conversely, Mr. Emery claims that he suffers from physical ailments that will demonstrate he could not have resisted arrest or behaved combatively as the Defendants allege.[5]

On January 25, 2016, the court entered an Amended Scheduling Order.[6]  In the Amended Scheduling Order, the parties stipulated to bifurcate discovery.[7]  Specifically, the parties agreed to "initially conduct discovery on the issues of liability and claims of immunity, following which the parties will request further discovery on the issue of damages."[8]

## DISCUSSION

Defendants' motion to compel surrounds Mr. Emery's refusal to provide Defendants the medical records Mr. Emery claims will demonstrate that his physical conditions prevented him from acting in the combative manner alleged by Defendants.  Specifically, Defendants served discovery requests on Mr. Emery seeking "information identifying the medical conditions he contends are relevant to establishing liability in this action, why those medical conditions are relevant to establishing liability, and the names of health care providers that have treated Mr. Emery for those conditions."[9]  Defendants also requested that Mr. Emery sign a Health Insurance Portability and Accountability Act ("HIPAA") release so that the Defendants can obtain Mr. Emery's medical records.[10]  In response, Mr. Emery argues, in part, that Defendants' discovery requests "primarily go to damages issues" and are "not relevant to the liability phase" of this case.[11]

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

---

[5] *Id.* at ¶¶ 19–20.
[6] Dkt. No. 36.
[7] *Id.* at ¶ 2.
[8] *Id.*
[9] Dkt. No. 43 at 2.
[10] *Id.*
[11] Dkt. No. 44 at 2.

proportional to the needs of the case . . . ."  Relevant information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  "[T]he scope of discovery under the federal rules is broad" and "discovery is not limited to issues raised by the pleadings, for discovery . . . is designed to help define and clarify the issues." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1); *see also* DUCivR 26-2.

With these standards in mind, Defendants' motion to compel is granted.  Mr. Emery has put his physical condition at the time of the traffic stop at issue.  Accordingly, Mr. Emery is ordered to produce any information relating to the medical conditions he claims to have been suffering during the traffic stop.  If Mr. Emery fails to disclose relevant medical evidence, he will be precluded from utilizing such evidence at trial.  Additionally, Mr. Emery's counsel should work with Defense counsel to find a mutually agreeable HIPAA release to allow Defendants to lawfully obtain Mr. Emery's relevant medical records.  Moreover, Defendants' counter expert deadline is extended to May 8, 2017, to accommodate any scheduling delays caused by this discovery dispute.

## CONCLUSION

Based on the forgoing, Defendants' Rule 37 Short Form Discovery Motion[12] is

**GRANTED** consistent with this order.

        **IT IS SO ORDERED.**

DATED this 5th Day of April, 2017.

        BY THE COURT:

        _____

        PAUL M. WARNER
        Chief United States Magistrate Judge

---

[12] Dkt. No. 43.