# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| DON EMERY,<br><br>    Plaintiff,<br><br>v.<br><br>SALT LAKE CITY CORPORATION, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:13-cv-860-RJS-PMW<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Paul M. Warner |

  District Judge Robert J. Shelby referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Officer Timothy Stumm, Officer Kevin Stayner, and Salt Lake City Corporation's (collectively "Defendants") Rule 37 Short Form Discovery Motion wherein they seek to preclude Plaintiff Don Emery from introducing evidence of "any medical condition" during the liability phase of trial.[2] In response, Emery concedes his delay in complying with this court's previous order compelling his medical records, but argues instead for a different remedy—deadline extension.[3] Having reviewed the parties'

---

[1] Dkt. No. 57.

[2] Dkt. No. 47 at 2.

[3] Dkt. No. 48 at 3.

briefs, the court grants in part and denies in part Defendants' Rule 37 Short Form Discovery Motion and provides the alternative remedy sought in Defendants' reply.[4]

## BACKGROUND

In this court's April 5, 2017 Order, it granted Defendants' motion to compel because Emery had "put his physical condition at the time of the traffic stop at issue."[5] The court required Emery to provide Defendants "any information relating to the medical conditions he claims to have been suffering during the traffic stop."[6] It stated that failure to disclose "relevant medical evidence" would result in that evidence's preclusion at trial.[7] To allow Defendants time to utilize the discovery responses, subpoena the proper medical professionals, and find an expert witness, it extended Defendants' counter expert deadline to May 8, 2017.[8]

Defendants sent multiple emails to Emery's counsel to procure the requested discovery and notarized HIPAA release.[9] On April 5, the same day that the court issued its discovery order, Samantha Slark, Defendants' counsel, emailed David Pace, Emery's counsel, asking for the requested information by April 7.[10] She emailed him once more less than two hours later.[11] There, she mentioned a phone call that had allegedly just occurred wherein Emery's counsel agreed to "attempt to meet" with Emery and serve the requested responses "by Friday April

---

[4] Dkt. 47. Pursuant to DUCivR 7-1(f) and DUCivR 37-1, the court elects to determine the present motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.

[5] Dkt. No. 46 at 3.

[6] *Id.*

[7] *Id.*

[8] Dkt. No. 46. at 3.

[9] Dkt. No. 47-1 at 1–7.

[10] *Id.* at 2.

[11] *Id.*

14."[12] In that email, Slark also mentioned that Pace had "graciously agreed to provide any extension" to the May 8, 2017 deadline that Defendants felt was necessary and asked to set an appropriate extension date after she had received the requested responses and had more information.[13]

Although all necessary documents were drafted by April 14, the date passed and Pace never delivered anything to Slark.[14] On April 18, Pace said that he had everything prepared, but was "waiting for [Emery] to sign before a notary," which apparently he could not do because he had been "bedridden" for several days.[15] Slark responded that Pace should send the responses even without the notarized signature.[16]

By April 27, Defendants had still not received the discovery or HIPAA release form and filed the instant motion seeking to preclude Emery from "utilizing evidence of any medical condition to establish liability."[17] On May 4, three business days before Defendants needed to disclose a counter expert, Emery filed his response.[18] He asked that this court not preclude his medical evidence, but rather extend the expert disclosure deadline to afford Defendants more time.[19] On that same day, Defendants finally received Emery's responses and the notarized HIPAA agreement.[20] In their reply, Defendants once more asked the court to preclude the

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 1.

[15] *Id.*; *see also* Dkt. No. 48 at 2.

[16] Dkt. No. 47-1 at 1.

[17] Dkt. No. 47 at 2.

[18] Dkt. No. 48.

[19] *Id.*

[20] *See* Dkt. No. 48 at 3.

medical evidence, but alternatively requested an extension of time to July 8, 2017, to produce their expert disclosures.[21]

**DISCUSSION**

When a party fails to "obey a . . . pretrial order," this court "may issue any just orders." Fed. R. Civ. P. 16(f); *see also* Fed. R. Civ. P. 37(b)(2)(A). While the rules specify a list of potential remedies for failure to follow a discovery order, that list is non-exhaustive. Fed. R. Civ. P. 37(b)(2)(A) (noting that of the possible sanctions a court can levy on a party for failure to comply with a discovery order, it "may include" any of a short specifically enumerated list).

This court recognizes that Defendants received the requested disclosures and the signed and notarized HIPAA release three business days prior to the May 8, 2017 deadline for expert disclosures. While the court did not set a date certain for the discovery to be produced or the HIPAA waiver to be signed, expecting Defendants to be able to meet the deadline three business days after receiving the discovery is not practical. Defendants likely would need substantially more than three business days to subpoena the proper parties, process the received medical information, and designate an expert. These time constraints made it extremely unlikely—if not impossible—that Defendants would be able to comply with the deadline.[22]

This Emery concedes. He acknowledges that it would be "virtually impossible for Defendants to comply" with this court's April 5 Order and argues that it would be "appropriate for the court to extend Defendants' expert disclosure deadline."[23] As a basis for the delay, Pace

---

[21] Dkt. No. 50 at 3.

[22] In addition to rendering Defendants' compliance extremely unlikely, this delayed conduct resulted in them receiving the information "twenty days after the date the parties agreed" that Emery would provide it and "twenty days after . . . Emery's counsel claimed [the documents] were complete." Dkt. No. 50 at 3.

[23] Dkt. No. 48 at 3.

4

asserts that he was unable to find a mobile notary to travel to Emery's home before May 1, 2017.[24]

Even if Defendants had subpoenaed the medical providers on the very day they received the HIPAA release, those providers may have objected to the subpoena. Emery's flood-or-famine approach to providing information slowed Defendants' ability to move forward. Since all the necessary documents were allegedly completed by April 14, 2017, the court sees no reason why it took until May 4, 2017—three days after the requisite signature was finally acquired—to serve Defendants with the discovery requests and the notarized HIPAA release.

In determining which sanction is appropriate for failing to comply with an order, courts consider the following factors:

> (1) the degree of actual prejudice to the [litigant]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotations and citation omitted). With these factors in mind, this court has determined that an extension of time is the proper remedy. It finds that this "lesser sanction" is most appropriate because of the prejudice to Emery's case if it were to preclude the medical information.

Nevertheless, the court also notes that although it is not excluding Emery's medical records, it is not impressed with Emery's explanation as to the nature and circumstances of the delay. Defendants requested the responses multiple times, ultimately asking to receive the responses even before Emery signed and had notarized the HIPAA release. This information,

---

[24] Dkt. No. 48 at 2–3.

though incomplete, would have allowed Defendants to prepare their subpoenas to Emery's medical providers to be served immediately upon receiving the notarized HIPAA release.

As a result, the court cautions Emery that any further discovery gamesmanship will result in sanctions, and no additional extensions will be granted absent compelling circumstances.

## CONCLUSION

Based on the foregoing, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**. While Defendants' request to exclude evidence is denied, their requested alternative relief is granted. Accordingly, the counter expert disclosure deadline is extended to July 14, 2017.

**IT IS SO ORDERED**.

DATED this 23rd day of June, 2017.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge